ENTERED
CLERK, U.S. DISTRICT COURT
JAN 2*0* 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PRIORITY SEND

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No. **CV 04-7107-JFW (VBKx)** | Date: January 19, 2006 |

Title:    SMC PROMOTIONS, INC., et al. -v- SMC PROMOTIONS, et al.

---

**DOCKET ENTRY**

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFFS' MOTION TO CONFIRM FINAL ARBITRATION AWARD [fld 12/14/05; Docket No. 85]; AND**

**ORDER DENYING DEFENDANT MARK BUSNELLI, SR'S MOTION TO VACATE ARBITRATION AWARD [fld 12/20/05; Docket No. 89]**

   On December 14, 2005, Plaintiffs SMC Promotions, Inc., Specialty Merchandise Corporation and eMerchantClub, LLC ("Plaintiffs") filed a Motion to Confirm Final Arbitration Award. On January 9, 2006, Defendants Official Site Builders Corporation and Mark Busnelli, Sr. ("Defendants") filed their Opposition.[1] On January 13, 2006, Plaintiffs filed a Reply. On December 20, 2005, Defendant Mark Busnelli, Sr. ("Busnelli") filed a Motion to Vacate Arbitration Award. On January 10, 2006, Plaintiffs filed their Opposition.[2] Busnelli

---

   [1] Defendants' Opposition consisted of incorporating by reference Busnelli's Motion to Vacate Arbitration Award.

   [2] Plaintiffs' Opposition consisted of incorporating by reference its Motion to Confirm Arbitration Award.

did not file a Reply.³ Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for January 23, 2006, are hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

### 1. Statement of Facts and Procedural History Common to Both Motions

On August 25, 2004, Plaintiffs filed a Complaint for Damages and Injunctive Relief against Defendants for (1) Order Compelling Arbitration; (2) Copyright Infringement; (3) Cyberpiracy; (4) False Designation; (5) Common Law Unfair Competition; (6) Statutory Unfair Competition; (7) Interference with Prospective Economic Advantage; (8) Conversion; (9) Unjust Enrichment; and (10) Breach of Written Contract. Pursuant to the Stipulation of the parties, on February 7, 2005, the Court ordered this matter to binding arbitration pursuant to the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*). On June 6, 2005, an arbitration was held. Defendants did not participate in the arbitration. On June 7, 2005, the arbitrator issued his Final Arbitration Award which was served on the parties via facsimile transmission and U.S. mail on June 9, 2005.

### 2. Legal Standards

#### a. Motion to Confirm Arbitration Award

The Federal Arbitration Act ("FAA") "gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (citing *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc)). Under the FAA, if a party seeks a judicial order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law." ' *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir. 1986) (quoting *Amn. Postal Workers Union. AFL-CIO v. United States Postal Serv.*, 682 F.2d 1280, 1285 (9th Cir. 1982), *cert. denied*, 459 U.S. 1200 (1983)). In fact, "[i]t is not even enough that the [arbitrator] may have failed to understand or apply the law. An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard for law." *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003); *see also Todd Shipyards Corp. v. Cunard Line*, 943 F.2d 1056, 1060 (9th Cir. 1991). Therefore, the federal district court's role in an arbitration confirmation proceeding is severely limited, and for the most part, the court defers to the arbitrator's determination of the award. Furthermore, "[a] claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator's act." *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964), *cert. denied*, 380 U.S. 988 (1965); *see also Carpenters 46 N. Cal. Counties*

---

³ On January 18, 2006, Defendants filed an Objection to Plaintiffs' Reply Memorandum.

*Conference Bd. v. Zcon Builders,* 96 F.3d 410, 415 (9th Cir. 1996).

### b. Motion to Vacate Arbitration Award

A motion to vacate an arbitration award must be served within three months after the arbitration award is filed or delivered. 9 U.S.C. § 12. The failure of the losing party to move to vacate within the three-month period is deemed a waiver of the right to later oppose confirmation of the arbitration award. *See Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 853 (11th Cir. 1989) (internal citation omitted) ("a party's "failure to move to vacate the award within the three month time provided [by section 12] precludes him from later seeking that relief when a motion is made to confirm the award."). *See also Western Employers Ins. Co. v. Jefferies Co., Inc.,* 958 F.2d 258, 260 (9th Cir. 1992) (noting section 12's requirement that motions to vacate be filed within three months); *Carpenters 46 Northern California Counties Conference Board v. Meddles,* 535 F.Supp. 775, 779 (N.D. Cal. 1981) (dismissing case for failure to file motion within three-month period). "The federal statute of limitations under 9 U.S.C. § 12 has been held applicable even where the party seeking to vacate the arbitration asserts . . . that the arbitrator lacked jurisdiction to enter the award." *Carpenters 46 Northern California Counties Conference Bd. v. Meddles* 535 F.Supp. 775, 777 (N.D. Cal. 1981).

### 3. Discussion

Plaintiffs' contend that pursuant to the provision of the FAA[4] and the parties Stipulation to Arbitrate,[5] the final arbitration award issued by the arbitrator on June 7, 2005 should be confirmed. Busnelli moves to vacate the final arbitration award pursuant to 9 U.S.C. § 10, based on the arbitrator's alleged misconduct in refusing to postpone the arbitration and in refusing to hear evidence, and also based on Busnelli's contention that the arbitrator exceeded his powers.[6]

---

[4] The FAA provides that judgment shall be entered upon a binding arbitration award on proper application therefor. 9 U.S.C. § 9.

[5] Paragraph 6 of the Stipulation to Arbitrate states that "[u]pon applcation of any party, the Court may confirm any interim or final award made by the arbitrator, and enter judgment thereon."

[6] 9 U.S.C. § 10 provides, in pertinent part:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration–

* * *

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

Busnelli did not file his Motion to Vacate the Arbitration award until December 20, 2005, over six months after the arbitrator "filed or delivered" the final arbitration award. *See* 9 U.S.C. § 12. Therefore, Busnelli waived his right to oppose confirmation of the arbitration award. *See Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d at 853 *Western Employers Ins. Co. v. Jefferies Co., Inc.,* 958 F.2d at 260; *Carpenters 46 Northern California Counties Conference Board v. Meddles,* 535 F.Supp. at 779. As a result, on that basis alone Busnelli's Motion to Vacate the Arbitration Award may be denied. Nevertheless, the Court has read and considered the arguments made by Busnelli in his Motion to Vacate Arbitration Award and concludes that the arbitration award should be confirmed.

### 4. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Confirm Final Arbitration Award is **GRANTED**. Busnelli's Motion to Vacate Arbitration Award is **DENIED**. Plaintiffs' Proposed Judgment and Permanent Injunction is signed by the Court and filed this date.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.